UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEVIN MARS (#330047)                                CIVIL ACTION

VERSUS

J. GUNTER, WARDEN                                   NO. 07-0700-C-M3

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___28th___ day of July, 2008.

DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEVIN MARS (#330047)**                            **CIVIL ACTION**

**VERSUS**

**J. GUNTER, WARDEN**                                   **NO. 07-0700-C-M3**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Kevin Mars, challenges his 2002 conviction and ten-year sentence, entered upon a plea of guilty to one count of attempted manslaughter. He complains (1) that the trial court erred in denying his motion to withdraw his guilty plea based upon a witness' recantation of testimony, and (2) that the sentence imposed was excessive.

Upon a review of the petitioner's application, it appears that he was charged with one count of criminal conspiracy and one count of attempted second degree murder. On November 6, 2002, pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), he entered a best interest plea to one count of attempted manslaughter. After preparation of a pre-sentence investigation report, the petitioner was sentenced to serve twelve (12) years in confinement.

After sentencing, the petitioner filed a motion to reconsider sentence which was ultimately set for hearing on March 15, 2004. On that date, both the State and the trial court agreed to a reduction in the petitioner's sentence to ten (10) years in confinement. Notwithstanding, on April 14, 2004, the petitioner filed a second motion to reconsider sentence and/or withdraw his guilty plea, asserting that an eyewitness to the incident had now recanted her testimony and was now convinced that the petitioner was not the perpetrator of the crime, based upon her new realization that whereas the perpetrator had a tattoo on his neck, the petitioner does not. An evidentiary hearing was conducted on this motion on October 27, 2004, at which hearing the witness testified

concerning her recollection. On January 13, 2005, the trial court denied the petitioner's motion.

The petitioner appealed to the Louisiana Court of Appeals for the First Circuit, wherein he asserted the claims (1) that the trial court erred in denying his motion to reconsider sentence and/or to withdraw his plea, and (2) that the sentence was excessive. On March 29, 2006, the First Circuit Court affirmed the conviction, State v. Mars, 925 So.2d 775 (La. App. 1st Cir. 2006), and on May 4, 2007, the Louisiana Supreme Court denied supervisory review, State ex rel. Mars v. State, 956 So.2d 602 (La. 2007).[1]

On October 1, 2007, the petitioner filed the instant application for federal habeas corpus relief in this Court.

## DISCUSSION

On July 22, 2001, during a confrontation which involved multiple combatants at an apartment complex located in Baton Rouge, Louisiana, Jason Rogers was stabbed in the neck from behind and suffered paralysis as a result of this injury. Mr. Rogers did not see his assailant, but a witness at the scene identified the petitioner as the person who wielded the knife. This eyewitness, Kyaundria Bennett, informed police officers that she observed the petitioner strike the victim with the knife, that the petitioner then stood in front of her, wiped the bloody knife on his pants, and told her to return to her apartment and that she had seen nothing.

Upon a substantive review of the petitioner's claims, the standard for review in this Court is that set forth in 28 U.S.C. § 2254. Specifically relevant is 28 U.S.C. § 2254(d)(1), which provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as

---

[1] In the State's initial response to the petitioner's application, the State contended that the petitioner failed to exhaust state court remedies relative to his claims and that his application was untimely. However, inasmuch as the state court record contains correspondence suggesting that the petitioner did in fact submit a timely application for supervisory review asserting the claims made herein, the Court directed the State to respond substantively to the petitioner's claims.

determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See also Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Relief is authorized if a state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Relief is also available if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the prisoner's case or reaches a decision based on an unreasonable factual determination. See 28 U.S.C. § 2254(d)(1)-(2); Montoya v. Johnson, 226 F.3d 399 (5th Cir. 2000), cert. denied, 532 U.S. 1067, 121 S.Ct. 2220, 150 L.Ed.2d 212 (2001). Mere disagreement with the state court is not enough: The standard is one of objective reasonableness. Montoya, supra, 226 F.3d at 404. See also Williams v. Taylor, supra, 529 U.S. at 409, 120 S.Ct. at 1521 (2000)("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed correct, and the petitioner has the burden to rebut the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Addressing first the petitioner's claim that the trial court erred in refusing to allow him to withdraw his guilty plea, Louisiana law provides that a state trial judge has discretion to allow a guilty plea to be withdrawn at any time before sentencing. La. C.Cr.P. art. 559(A); State v. Gross, 673 So.2d 1058 (La. App. 5th Cir. 1996). Once a defendant has been sentenced, however, only those guilty pleas which are constitutionally infirm may be withdrawn on appeal or through post-conviction application. Id. A guilty plea is seen to be constitutionally infirm when it has not been entered freely and voluntarily, when the Boykin colloquy was not adequate, or when the defendant was induced to enter the plea by a plea bargain which was not kept. State v. Dixon, 449 So.2d 463

(La. 1984). In the instant case, the petitioner does not allege any actual constitutional infirmity in his guilty plea. Rather, he asserts only that exculpatory new evidence, in the form of an assertion by an eyewitness that she was mistaken in identifying the petitioner as the perpetrator of the crime, justifies the withdrawal of his plea. Accordingly, the petitioner has failed to show that the trial court's decision to deny leave to withdraw the plea was improper under state law. Further, even if the trial court's decision was erroneous, the United States Supreme Court has held repeatedly that "federal habeas corpus relief does not lie for errors of state law." See, e.g., Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991). This finding is further consistent with the federal rule, which allows the discretionary withdrawal of a guilty plea prior to sentencing but imposes far stricter requirements upon withdrawal thereafter. See United States v. Glinsey, 209 F.3d 386 (5th Cir.), cert. denied, 531 U.S. 919, 121 S.Ct. 282, 148 Led.2d 203 (2000). See also United States v. Grant, 117 F.3d 788 (5th Cir. 1997) (holding that "[t]here is no absolute right to withdraw a guilty plea.").

With respect to whether the petitioner may obtain federal habeas relief on a claim of actual innocence, the Fifth Circuit has recognized the decision of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), overruled in part on other grounds, Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), as the unequivocal position of the United States Supreme Court on this issue. See Boyd v. Puckett, 905 F.2d 895 (5th Cir.), cert. denied, 498 U.S. 988, 111 S.Ct. 526, 112 L.Ed.2d 537 (1990); Armstead v. Maggio, 720 F.2d 894 (5th Cir. 1983); Mountique v. Quarterman, 2006 WL 3515854 (W.D. La. Dec. 5, 2006). In Townsend, the Supreme Court held that, "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." 372 U.S. at 317. Accordingly, in the Fifth Circuit, actual innocence is not seen to be an independent basis for federal habeas relief. See, e.g., Graham v. Johnson, 168 F.3d 762 (5th Cir. 1999), cert. denied, 529 U.S. 1097, 120 S.Ct. 1830, 146 L.Ed.2d 774 (2000); Lucas v. Johnson, 132 F.3d 1069 (5th Cir.), cert. dismissed, 524

U.S. 965, 119 S.Ct. 4, 141 L.Ed.2d 765 (1998); Jacobs v. Scott, 31 F.3d 1319 (5th Cir. 1994), cert. denied, 513 U.S. 1067, 115 S.Ct. 711, 130 L.Ed.2d 618 (1995). See also Jackson v. Day, 121 F.3d 705 (5th Cir. 1997), cert. denied, 523 U.S. 1006, 118 S.Ct. 1191, 140 L.Ed.2d 321 (1998) (In the absence of constitutional error, "freestanding claims of actual innocence are insufficient to state a claim upon which federal habeas relief may be granted"). "In addition, even if a truly persuasive claim of actual innocence could be a basis for relief, the Supreme Court has made clear that federal habeas relief would only be available if there was no state procedure for making such a claim." Graves v. Cockrell, 351 F.3d 143 (5th Cir. 2003), citing Herrera v. Collins, 506 U.S. 390, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993). Louisiana law, however, implicitly recognizes a claim of actual innocence. See, e.g., State v. Conway, 816 So.2d 290 (La. 2000). For these reasons, therefore, the petitioner is not entitled to relief in this Court on his claim of actual innocence.

Moreover, in the Court's view, the petitioner has not established that he is actually innocent. The Supreme Court has held that, to show actual innocence, a petitioner must establish:

> that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt ... in light of all of the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after trial.

Schlup v. Delo, 513 U.S. 298, 321 S.Ct. 851, 130 L.Ed.2d 808 (1995). The petitioner in the instant case has not met this standard. Although the eyewitness to the crime has recanted her testimony identifying the petitioner as the perpetrator of the offense, the law is clear that "recanting affidavits and witnesses are viewed with extreme suspicion by the courts." Spence v. Johnson, 80 F.3d 989 (5th Cir.), cert. denied, 519 U.S. 1012, 117 S.Ct. 519, 136 L.Ed.2d 407 (1996); United States v. Adi, 759 F.2d 404 (5th Cir. 1985). When faced with conflicting testimony from the same witness, the jury is free to make credibility determinations as to which testimony to believe. The recantation standing alone, therefore, does not make it more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. A reasonable juror could certainly have believed the initial statement of the eyewitness and found the petitioner guilty. This is

particularly true where the witness identified the petitioner as the perpetrator at a preliminary hearing in open court, where she waited two years to come forward with her recantation, where there was no previous mention of a tattoo on the perpetrator's neck, and where her identification of the petitioner as the perpetrator was based upon having been involved in a close face-to-face confrontation with the perpetrator at the time of the offense, while he was holding a bloody weapon, while he was implicitly threatening her with bodily harm, and while he was "advising" her that she had in fact "seen nothing". The Court further notes that the petitioner has admitted having been present during the fight which led to the offense charged. Accordingly, because a claim of actual innocence is not cognizable on federal habeas corpus review, and because the petitioner has not shown himself to be actually innocent in any event, this claim does not entitle the petitioner to federal habeas relief.

The petitioner also complains that the ten-year sentence in this case is excessive. In this regard, the Eighth Amendment protects against cruel and unusual punishments. In order for a habeas petitioner to establish cruel and unusual punishment, he must establish that the punishment meted out to him was grossly disproportionate to the crime he committed. Ewing v. California, 538 U.S. 11, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003); Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). If the contested sentence falls within the statutory limits, however, the sentence is entitled to a presumption of constitutionality and will not be upset unless the sentence is so disproportionate to the offense as to be completely arbitrary and shocking. Bonner v. Henderson, 517 F.2d 135 (5th Cir. 1975). Excessive sentence claims are analyzed as follows: First, a threshold comparison is made concerning the gravity of the offense against the severity of the sentence. If the sentence is grossly disproportionate to the severity of the offense, then and only then, the court compares the sentence in question to (1) sentences for similar crimes in the same jurisdiction, and (2) sentences for the same crime in other jurisdictions. McGruder v. Puckett, 954 F.2d 313 (5th Cir.), cert. denied, 506 U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992). If the

sentence is not "grossly disproportionate," however, in the first instance, the inquiry is finished. United States v. Gonzales, 121 F.3d 928 (5th Cir. 1997), cert. denied, 522 U.S. 1063, 118 S.Ct. 726, 139 L.Ed.2d 664 (1998).

As the Supreme Court has noted, outside the context of capital punishment, successful proportionality challenges are "exceedingly rare", and constitutional violations are sustained in only "extreme" or "extraordinary" cases. Ewing, supra; Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003).

In the instant case, the petitioner was convicted of a violent crime perpetrated with a weapon which left the victim paralyzed. In Louisiana, the crime of attempted manslaughter is punishable by up to twenty years in confinement. His ten-year sentence, therefore, was within the statutory limit and was presumptively constitutional. The petitioner has not established that his sentence was "grossly disproportionate." Since the sentence was not grossly disproportionate, further inquiry into the proportionality of his sentence is unnecessary. United States v. Gonzales, supra; Smallwood v. Johnson, 73 F.3d 1343 (5th Cir.), cert. denied, 519 U.S. 883, 117 S.Ct. 212, 136 L.Ed.2d 146 (1996). In short, the petitioner is not entitled to relief in connection with his excessiveness of sentence claim.

### RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's application for habeas corpus relief be denied and that this action be dismissed.

Baton Rouge, Louisiana, this 28th day of July, 2008.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE